OPINION
Defendant-appellant George A. Bartley, III appeals from the March 8, 2000, and April 5, 2000, Judgment Entries of the Ashland Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 11, 1999, appellant was charged in Case No. 99-CRB-1603 with underage consumption of alcohol in violation of R.C. 4301.632. The complaint stated that appellant had "admitted drinking a couple of Icehouse beers" at a residence in the Village of Polk. At his arraignment, appellant entered a plea of not guilty to the charge. Subsequently, a jury trial commenced on March 8, 2000. The following evidence was adduced at trial. At approximately 1:30 a.m. on December 11, 1999, Deputy Sheriff Ronald M. Singleton, Jr. of the Ashland County Sheriff's Office was on extra surveillance patrol in the Village of Polk due to some break-ins in the area. During his surveillance, the officer, who was sitting in a marked cruiser, observed a vehicle drive past the cruiser and then stop. According to the officer, an individual then got out of the vehicle, looked in the officer's direction and got back into the vehicle, which continued southbound on State Route 89. Because he thought that the individual's actions were suspicious, Deputy Sheriff Singleton initiated a traffic stop of the vehicle. As he approached the same, the officer noticed several of the occupants in the vehicle lighting up cigarettes. According to the officer, it appeared that all seven of the vehicle's occupants were smoking. When he made contact with the vehicle's driver, the officer also noticed a strong odor of alcohol emanating from the vehicle. For such reason, the officer and his partner started asking the vehicle's occupants for identification to show proof of age. When appellant, who was an occupant in the vehicle, was asked where the occupants in the vehicle were coming from, he replied that they were coming from a party at a house located up the street. The house was located within the City of Ashland. At trial, Deputy Sheriff Singleton testified that while he was talking with appellant, appellant smelled of alcohol and appellant's eyes appeared to be "kind of glazed and blood shot." Trial Transcript at 15. Appellant, the officer further testified, "appeared to have slurring of speech, um, was very loud when he was talking, appeared to repeat himself constantly, um, and he used a lot of profanity . . ." Trial Transcript at 16. When questioned, the officer testified that he believed that appellant, who also was unsteady on his feet and "was kind of staggering," was intoxicated. Id. From appellant's driver's license, the officer determined that appellant was twenty years old as of December 11, 1999. After being issued a citation, appellant told Deputy Sheriff Singleton that he had imbibed "a couple of Ice House beers" at a farmhouse in Ashland County. Trial Transcript at 19. At trial, Dean A. Emmons, the owner and operator of a drive-thru in Ashland who has sold alcoholic beverages since 1978 and who is familiar with brands of beer, testified that, based upon the information contained on the label, Ice House beer contains 5.5 percent alcohol by volume. Emmons further testified that Ice House does not make a nonalcoholic beer or a beer containing a different amount of alcohol by volume. At the conclusion of the evidence and the end of deliberations, the jury, on March 8, 2000, returned with a verdict finding appellant guilty of underage consumption in violation of R.C. 4301.632. Thereafter, as memorialized in a Judgment Order filed the same day, appellant was ordered to serve 120 days in jail. However, 90 days of appellant's jail sentence were suspended and appellant was placed on probation for a period of one year. Since, at the time appellant was charged on December 11, 1999, appellant was on probation in Ashland Municipal Court Case Nos. 99-CRB-60 and 99-CRB-408, a probation violation was filed against appellant on March 8, 2000, in such cases. Following a hearing held on March 30, 2000, in the two cases, the trial court, pursuant to a Judgment Order filed on April 5, 2000, found appellant guilty of the same and ordered that appellant's suspended sentence of 65 days be reimposed. Appellant's probation in the two cases was terminated. It is from both his conviction in the underlying case (Case No. 00-COA-01357) and his conviction on the probation violation (Case No. 00-COA-01356) that appellant now prosecutes his appeal. With respect to Case No. 00-COA-01357, appellant raises the following assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ADMITTING HEARSAY TESTIMONY REGARDING THE ALCOHOL CONTENT OF ICE HOUSE BEER.
In turn, with respect to Case No. 00-COA-01356, appellant raises the following assignment of error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT THE DEFENDANT-APPELLANT HAD VIOLATED HIS PROBATION BY POSSESSING OR CONSUMING ALCOHOL WHILE UNDER THE AGE OF TWENTY-ONE, WHERE HIS CONVICTION OF THAT OFFENSE WAS BASED ON EVIDENCE WHICH WAS ERRONEOUSLY ADMITTED AT TRIAL.
 I, II
Appellant, in his two assignments of error, challenges the trial court's admission at trial of Dean Emmons' testimony regarding the alcohol content of Ice House beer. As is stated above, Dean Emmons, the owner of a drive-thru who has sold alcoholic beverages since 1978, testified at trial over appellant's objection that, based on the information contained on the label, Ice House beer contains 5.5 percent alcohol by volume. Emmons further testified that Ice House does not make any nonalcoholic beers or beers with a lower alcohol content. Appellant now specifically contends that Emmons' testimony constituted inadmissable hearsay. Appellant further argues that absent Emmons' testimony, appellant could not have been found guilty of underage consumption in violation of R.C. 4301.632 or of the probation violation since appellee's proof of the alcohol content of the beer was based solely on Emmons' testimony. R.C. 4301.632 states as follows: Except as otherwise provided in this chapter, no person under the age of twenty-one years shall order, pay for, share the cost of, or attempt to purchase any beer or intoxicating liquor, or consume any beer or intoxicating liquor, either from a sealed or unsealed container or by the glass or by the drink, or possess any beer or intoxicating liquor, in any public or private place.
Beer is defined in R.C. 4301.01(B)(2) as including all brewed or fermented malt products containing one-half of one per cent or more of alcohol by volume but not more than six per cent of alcohol by weight. While, as is stated above, appellant argues that Emmons' testimony as to alcohol content of the beer constituted inadmissible hearsay and that, absent such testimony, appellee could not prove beyond a reasonable doubt that appellant had consumed "beer" as defined by R.C. 4301.01(B)(2), appellant's argument, in essence, is that his conviction for underage consumption is against the sufficiency and manifest weight of the evidence. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.
The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. When applying the aforementioned standard of review for sufficiency, we find that, independent of Emmons' testimony, any rational trier of fact could have found that appellant, while under the age of twenty one, consumed beer in violation of R.C. 4301.632. As is stated above, appellant told Deputy Sheriff Singleton that he "had a couple of Ice House beers." Trial Transcript at 19. At trial, the officer testified that appellant smelled of alcohol, that appellant's eyes were "kind of glazed and blood shot", and that appellant was unsteady and staggering. Trial Transcript at 15. In addition, the officer testified that appellant's speech was slurred and that appellant was using a lot of profanity. We find that appellant's admission to the officer that he had consumed beer together with the officer's testimony regarding appellant's inebriated appearance support appellant's conviction for underage consumption of alcohol. See State v. Nelson (Nov. 6, 1998), Ottawa App. No. OT-98-010, unreported and In the Matter of Howman (Mar. 8, 1994), Ashland App. No. CA-1059, unreported. In short, based upon the evidence, any rational trier of fact could have found the essential elements of underage consumption proven beyond a reasonable doubt. We further find that appellant's conviction for underage consumption was not against the manifest weight of the evidence. Upon our review of the evidence, we cannot say that the trier of fact clearly lost its way so as to create a manifest miscarriage of justice. There was competent and credible evidence in the record that appellant, while under the age of twenty one, consumed beer in Ashland County, Ohio.
Based on the foregoing, appellant's two assignments of error are overruled. Accordingly, the judgment of the Ashland Municipal Court is affirmed.
 _____________ Edwards, P.J.
Farmer, J. and Wise, J. concurs.